Affirmed and Memorandum Opinion filed July 3, 2007








Affirmed and Memorandum Opinion filed July 3, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-05-01077-CR

_______________

 

ALFREDO PALLARES RAMIREZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 339th District Court

Harris County, Texas

Trial Court Cause No. 998,424

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

 

Alfredo Pallares Ramirez appeals a
conviction for aggravated robbery[1] on the
grounds that the evidence was legally and factually insufficient to prove that
he was the person who committed the robbery.  We affirm.








Appellant challenges the legal and
factual sufficiency of the evidence identifying him as the robber because: (1)
the complainant=s description of the robber as being Hispanic and wearing a
shirt was so general as to be meaningless; (2) the complainant told police that
the robber was wearing a shirt, but the police report indicated that the
complainant told police the robber was not wearing a shirt; (3) appellant testified
that he was not wearing a shirt that night and his videotaped statement
confirmed that fact; (4) appellant=s body is covered with tattoos which
the complainant would have seen and noted if appellant had robbed him without a
shirt on; and (3) the complainant lost his eyeglasses after the robbery so that
his subsequent identification of the appellant was unworthy of belief.

In reviewing legal sufficiency, we
consider all of the evidence in the light most favorable to the verdict to
determine whether a rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.  Hooper v. State, 214
S.W.3d 9, 13 (Tex. Crim. App. 2007).

In this case, the complainant
positively identified appellant as the robber at trial and testified that,
during the robbery, appellant had pointed a Tech-9[2]
semiautomatic pistol at him.  When police arrived, the complainant went in
their patrol car with them to look for the robber, whom the complainant
described as a Hispanic male wearing a white t-shirt.  When they came upon
appellant, the complainant=s sight was Akind of fuzzy@ from that distance because he had lost his eyeglasses while
running away from the robber, but he testified that he could still recognize
appellant as the robber.  When the police then ordered appellant to Afreeze,@ he tried to run away, but was soon
apprehended, and the Tech-9 handgun, wrapped in a t-shirt, was recovered. 
While appellant was sitting in the back of the police car, the complainant
positively identified appellant as the robber.  Although the complainant still
did not have his eyeglasses at that time, he testified that he was nearsighted
but could see well that close.  He also stated that he had been wearing his
eyeglasses during the robbery, which occurred on a well lit street, so he had
seen, and could remember, appellant=s face well.








One of the police officers dispatched
to the scene confirmed that, when they saw appellant walking down the street
with something wrapped in a t-shirt, the complainant immediately recognized
appellant as the robber and later positively identified him.  The officer also
recalled that when appellant was arrested, he was calm and collected and said: ADo me for the gun.  I can=t go down for the robbery.@  Although the officer testified that
the complainant had described the robber as wearing no shirt and blue shorts
(rather than the blue jeans and no shirt he was wearing when arrested), he also
stated that it is not unusual for people to give a description that is not
exact because it is easier for people to recognize somebody than to describe
them and that the complainant was very sure that appellant was the robber when
he identified him.  Appellant also admitted to owning the gun in evidence. 
Viewed in the light most favorable to the verdict, this evidence is legally
sufficient to prove that appellant was the person who committed the robbery,
and appellant=s first issue is overruled.

  In reviewing factual sufficiency,
we view all of the evidence in a neutral light, and set aside the verdict only
if proof of guilt is so weak that the verdict is clearly wrong or manifestly
unjust, or the contrary evidence is so strong that the standard of proof beyond
a reasonable doubt could not have been met.  Garza v. State, 213 S.W.3d
338, 344 (Tex. Crim. App. 2007).  In this case, although there were discrepancies
in the complainant=s descriptions of appellant, they were not of such a
magnitude as to render the proof of guilt so weak that the verdict is clearly
wrong or manifestly unjust.  Similarly, although appellant denied committing
the robbery, there is no other contrary evidence.  Therefore, the contrary
evidence is not so strong that the standard of proof beyond a reasonable doubt
could not have been met.  Accordingly, appellant=s second issue is overruled, and the
judgment of the trial court is affirmed.

 

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered and Memorandum
Opinion filed July 3, 2007.

Panel consists of Justices Fowler,
Edelman, and Frost.

Do not publish C Tex.
R. App. P. 47.2(b).









[1]           A jury found appellant guilty and sentenced
him to 25 years confinement.





[2]           The complainant recognized the gun as a
Tech-9 from having seen one in a gun magazine.